IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY D. JONES,** | ) | |
| No. K75759, | ) | |
| | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
|   vs. | ) | Case No. 14-cv-00846-NJR |
| | ) | |
| **KIM BUTLER,** | ) | |
| **SANDY FUNK,** | ) | |
| **TERRI ANDERSON,** | ) | |
| **COWEN,** | ) | |
| **LAWRENCE,** and | ) | |
| **UNKNOWN PARTY,** | ) | |
| | ) | |
|        **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory D. Jones, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on perceived threats to his life and the failure of prison officials to ensure his safety (Doc. 1). Jones has simultaneously filed a motion for "Mandatory Preliminary Injunction" (Doc. 2).

This case is now before the Court for consideration of the motion for injunctive relief and a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Synopsis of the Complaint and Motion for Injunctive Relief

According to the complaint, Plaintiff Jones, who had previously been housed at Menard Correctional Center ("Menard"), was transferred back to Menard on March 5, 2014, despite "IDOC's inmate issues and transfer coordinators" being aware that Menard staff had made "threats" against Plaintiff (Doc. 1, p. 5). Upon arrival, Plaintiff's requested protective custody was denied, and he never received a response to an emergency grievance. Plaintiff's television was broken and his property stolen (presumably in transport)—by whom or why is not stated. On April 6, 2014, Plaintiff was slapped, kicked, and identified as a "snitch" by Tactical Team officers, none of whom are listed as defendants. Plaintiff was not permitted to see a doctor after the April 6 incident, but there is no indication who made that decision. Then, in June 2014, Plaintiff was housed among gang members who had threatened him, and Plaintiff feared for his life. Plaintiff's request for protective custody was ignored for three days, after which he was placed in protective custody. A counselor informed Plaintiff that he could not be transferred. Plaintiff contends that he has been subjected to deliberate indifference and that officials have

failed to protect him and retaliated against him. Plaintiff seeks an immediate and permanent transfer from Menard and an award of costs against "Menard/IDOC" (Doc. 1, p. 6).[1]

Plaintiff's motion for "Mandatory Injunction" (Doc. 2) references multiple individuals by name—some, but not all, are named defendants to the complaint. Events at Menard, as well as events that occurred at Pontiac and Stateville Correctional Centers, are discussed in the motion. The motion fills in many of the gaps in the narrative of the complaint. For example, the bald reference to retaliation in the complaint apparently stems from Plaintiff testifying in two cases against Menard staff. Plaintiff's concern about being housed with gang members is because he was convicted of killing a "P-Stone Mo," and there were many "Mos" on his gallery at Menard. The motion also goes on at length about issues that are not raised in the complaint, such as the restrictions Plaintiff faces in protective custody, including not having his personal property, which is permitted in protective custody at Stateville Correctional Center.

## Discussion

### The Complaint

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED.R.CIV.P. 3. In other words, "the first step in the action is the filing of the complaint." *Id*. (Advisory Committee Notes, 1937 Adoption). Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Center, Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). More to the point, the Court cannot consider an application for injunctive relief in the absence of a viable complaint.

---

[1] The complaint, citing a page(s) not contained in the complaint, indicates that additional relief is sought (Doc. 1, p. 6).

The principal flaw in the complaint is that multiple individuals are named in the case caption but not mentioned in the narrative of the complaint. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). However, merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The converse is also true: describing a constitutional violation committed by someone who is not a defendant does not adequately state a claim. It is unclear whether claims are being made against the individual defendants, and no overarching policy or practice of deliberate indifference is alleged.

Insofar as the narrative references various actors by job title, the Court cannot merely cross-reference the named defendants and job titles. For example, the complaint references "IDOC's inmate issues and transfer coordinators" who allegedly had a role in transferring Plaintiff to Menard, but the complaint names as a defendant "Sandy Funk *or Current Transfer Coordinator*" (Doc. 1, p. 2 (emphasis added)). The motion for injunctive relief provides some clarification, but in other respects it further confuses matters.

For these reasons, the complaint will be dismissed without prejudice, and Plaintiff will be given an opportunity to file an amended complaint that clearly indicates what claims he desires to pursue against which defendants and what remedies are sought.

**Motion for Injunctive Relief**

Although the complaint, as drafted, fails to state a claim upon which relief can be granted, the Court takes seriously requests for injunctive relief tied to an allegation of imminent physical harm. Therefore, out of an overabundance of caution, the Court will address Plaintiff's

motion for injunctive relief (Doc. 2). The complaint and motion, read together, provide a sufficient basis for discussion of the merits of Plaintiff's motion.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).

Regardless of whether Plaintiff intended to seek a TRO, preliminary injunction, or both, there is no present risk of serious injury, nor is there a substantial risk of serious injury in the immediate or foreseeable future. The complaint indicates that Plaintiff has been placed in protective custody (*see* Doc. 1, p. 5). Although Plaintiff has not been transferred from Menard, there is no suggestion that Plaintiff is unsafe in protective custody or that his status is likely to change. Furthermore, a preliminary injunction cannot be issued because the complaint fails to state a claim upon which can be granted.

Plaintiff's motion for injunctive relief (Doc. 2) will, therefore, be denied without prejudice.

## Other Pending Motions

### Pauper Status

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) will be addressed by separate order, although the Court notes that it appears that Plaintiff is unable to pay the full filing fee at this time.

### Counsel

Insofar as Plaintiff moves for recruitment of counsel (Doc. 4), his motion will be denied without prejudice to refiling it at a later date.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering,

preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion indicates that he has sent written requests to assistance to several attorneys, but he has yet to receive any responses. In any event, based on the complaint and motion for injunctive relief, it appears that Plaintiff is capable of drafting an amended complaint and otherwise proceeding to trial without the assistance of counsel. The flaws in the complaint are easily cured. Plaintiff's motion for injunctive relief reflects that Plaintiff is capable of articulating his claim and that he possesses a good understanding of the law and applicable procedural rules. Of course, the Court always remains open to reassessing the need for counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) and all Defendants are **DISMISSED** without prejudice; Plaintiff's motion for injunctive relief (Doc. 2) is **DENIED** without prejudice; and Plaintiff's motion for recruitment of counsel (Doc. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **August 26, 2014**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action with prejudice, and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g). Any amended complaint will undergo a preliminary review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: July 28, 2014**

*Digitally signed by Nancy J Rosenstengel*
*Date: 2014.07.28 16:33:53 -05'00'*

**NANCY J. ROSENSTENGEL**
**United States District Judge**