IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, ) | |
| No. K75759, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00846-NJR |
| ) | |
| KIM BUTLER, ) | |
| SANDY FUNK, and ) | |
| TERRI ANDERSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory D. Jones, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), housed at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on perceived threats to his life and the failure of prison officials to ensure his safety. Plaintiff's original complaint (Doc. 1) was dismissed without prejudice because it failed to state a claim against any of the named defendants (Doc. 6). Plaintiff's amended complaint (Doc. 10) is now before the Court. Also before the Court are Plaintiff's second motion for a preliminary injunction (Doc. 9), motion for discovery (Doc. 14), motion for recusal of the undersigned district judge (Doc. 18), and "Notice of Appeal" regarding the return of discovery materials by the Clerk of Court (Doc. 19).

*"Notice of Appeal"*

As a preliminary matter, Plaintiff's "Notice of Appeal" (Doc. 19) must be addressed in order to ensure the district court has not been divested of jurisdiction over this case. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court

of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) (emphasis added); *see also United States v. Brown* 732 F.3d 781, 787 (7th Cir. 2013).

A review of the record reveals that on September 18, 2014, the Clerk of Court sent Plaintiff a notice informing Jones that his interrogatories had been received for filing, but pursuant to Local Rule 26.1(b), discovery materials are not filed (Doc. 15). Plaintiff subsequently filed his "Notice of Appeal," which merely states that he received the Clerk's notice that his interrogatories would not be filed.

Despite its caption, the "Notice of Appeal" clearly is not a notice of appeal under Federal Rule of Appellate Procedure 3; rather, it appears to be an attempt to bring the situation to the district court's attention. At best, Plaintiff has initiated an interlocutory appeal regarding the action of the Clerk's Office. Consequently, the district court does not perceive that it is divested of jurisdiction over this case as a whole.

Insofar as Plaintiff is seeking leave to file his interrogatories, his "motion," along with his motion for discovery (Doc. 14) will be considered together. However, Plaintiff's motion seeking recusal of the undersigned district judge must be considered first.

*Recusal*

Plaintiff Jones contends that the undersigned district judge should recuse herself from this case because his first motion for injunctive relief was denied without prejudice, and because his second motion for a preliminary injunction has yet to be decided, leaving Plaintiff in a dangerous situation (Doc. 18). According to Plaintiff, allies of the defendants have stated that this judge has a close relationship with the defendants and is "owned." Plaintiff perceives that the "denial"

of discovery is evidence of the judge's "indifference, retaliation and conspiracy." Plaintiff requests that a magistrate judge preside over this action.

According to 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See Liteky v. United States,* 510 U.S. 540, 548 (1994). Section 455(a) has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice grounds.'" *Id.* at 548. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under Section 455. The inquiry under Section 455(a) is based on an objective standard. *Id.* Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir.1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia,* 541 U.S. 913 (2004) (quoting *Microsoft Corp. v. United States,* 530 U.S. 1301, 1302 (2000)).

This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." *Hook,* 89 F.3d at 354 (citation omitted). Thus, trivial risks of perceived impartiality are insufficient to warrant recusal. *See Id.* The objective, reasonable person standard of Section 455(a) is intended to promote public confidence in the impartiality of the judicial process. "In furthering the policy of public confidence in the impartiality of the judicial process, a court faced with motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid." *New York City Housing Development Corp. v. Hart,* 796 F.2d 976, 981 (7th Cir.1986);

*see also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir.1981) (rev'd on other grounds) ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

Under 28 U.S.C. § 455(b)(1) a judge must recuse if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook,* 89 F.3d at 355. As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555.

With all of that said, there is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). A judge has an obligation to hear cases before her where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp.,* 796 F.2d at 980–81. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995). The Court is also mindful that the statute is not a judge-shopping device. *Id.; Hook,* 89 F.3d at 354.

Plaintiff has stated no valid grounds for recusal, and a reasonable person would not perceive any bias, impropriety, or other grounds for recusal. The legal basis for dismissing the complaint *without* prejudice and for denying the first motion for injunctive relief was fully set forth in the Court's Order (Doc. 6) and will not be repeated. Any disagreement with the Court's

conclusions is not, in and of itself, a basis for recusal, and Plaintiff has not suggested any specific error by the Court.

The Court has not yet ruled on Plaintiff's new motion for preliminary injunction (Doc. 9) because without a viable complaint, the Court lacks jurisdiction to proceed. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). In a similar vein, a motion for preliminary injunction is of a less urgent nature than a motion for temporary restraining order and requires that the adverse parties receive notice—again requiring a viable complaint. *See* FED.R.CIV.P. 65(a).

The return of Plaintiff's interrogatories by the Clerk of Court was in accordance with Local Rule 26.1 and consistent with Federal Rules of Civil Procedure 26(a)(1)(B((iv), (d)(1) and (f)(1), which generally make discovery at this stage in the proceedings premature. The fact that Plaintiff's recent motion for discovery has not been decided is because the amended complaint must first survive preliminary review pursuant to 28 U.S.C. § 1915A. Again, adhering to the applicable procedural rules is not a valid basis for recusal.

Most troubling to the Court are the assertions that this judge is somehow affiliated with the defendants and "owned" by anyone. These assertions are completely baseless and untrue. Rulings adverse to Plaintiff in no way bolster the notion of favoritism.

For the reasons stated, Plaintiff's motion for recusal (Doc. 18) will be denied, allowing for the consideration of the amended complaint and other pending motions.

*Preliminary Review of the Amended Complaint*

Preliminary review of the amended complaint (Doc. 10) is required pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which

> a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

According to the relatively succinct amended complaint, Plaintiff Jones, who had previously been housed at Menard, was transferred back to Menard on March 5, 2014. In 2009, Plaintiff was threatened with retaliation for testifying against Lt. Waller and Sgt. Daniels. Plaintiff perceived that until 2014, Defendants Terri Anderson and Sandy Funk had "tacitly agreed" to keep Plaintiff out of Menard for his own safety. Anderson works in the IDOC's Office of Inmate Issues, and Funk is an IDOC transfer coordinator; both defendants work at the IDOC headquarters, not at Menard.

Upon arrival at Menard in 2014, Plaintiff's television was broken, while the property of other inmates transferred at the same time was undamaged. Other items of personal property, such as a Walkman, earphones and tapes, were stolen while in the custody of Menard staff, while

other inmates' property was not stolen. Also, during intake, Plaintiff was "threatened" that he would be denied protective custody.

One month after his arrival back at Menard, Plaintiff was slapped and kicked by Tactical Team members and then denied medical treatment. They also labeled Plaintiff a "snitch." Approximately six weeks after that, Plaintiff was housed among gang members who threatened his life.

Although not mentioned in the narrative of the complaint, Defendant Kim Butler, the Warden, is described elsewhere in the complaint as the official who received emergency grievances (Doc. 10, p. 1). Plaintiff received no response to his three March 2014 requests for protective custody and an emergency transfer away from Menard, his March 2014 grievance regarding his stolen property, and an April 2014 emergency grievance regarding his encounter with the Tactical Team (*see* Doc. 10, p. 3).

In the amended complaint, Plaintiff prays for a transfer out of Menard and an injunction precluding him from ever being housed at Menard. Aside from court costs, no monetary damages are sought.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). For example, prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Thus, Plaintiff's principal allegations appear to fall within the ambit of the Eighth Amendment.

In contrast, his claims regarding lost and destroyed personal property are not constitutional claims actionable under Section 1983. He has an adequate state post-deprivation remedy—a tort claim in the Illinois Court of Claims. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff has failed to stare a colorable claim against Sandy Funk or Terri Anderson. Although it is alleged that in 2009 Funk and Anderson were aware of the threats made against Plaintiff, it is not alleged that they were actually involved in Plaintiff's transfer back to Menard in 2014. At best, Plaintiff makes a conclusory assertion that Funk and Anderson "seemed to comply" with their knowledge of threats of retaliation against Plaintiff and that there was a "tacit agreement" to keep him out of Menard (*see* Doc. 10, p. 5). The *Twombly* pleading standard requires that a claim be plausible, not merely probable. For these reasons, the claims against Funk and Anderson will be dismissed without prejudice.

With respect to Warden Butler, reading the amended complaint very liberally, an Eighth Amendment claim against Butler will be recognized at this preliminary juncture. It is alleged that Warden Butler is the person to whom emergency grievances are directed, and Plaintiff received no response to either his three March 2014 requests for protective custody and an emergency transfer or his April 2014 emergency grievance regarding his encounter with the Tactical Team.

*Motion for Preliminary Injunction*

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).

In this case, there is neither a present risk of serious injury nor a substantial risk of serious injury in the immediate or foreseeable future to warrant construing the motion as a temporary restraining order and stepping in before Warden Butler can receive notice and be given an opportunity to be heard. See FED.R.CIV.P. 65(b). The motion indicates that Plaintiff has now been placed in protective custody (*see* Doc. 10, p. 4). Although Plaintiff asserts that he "continues to incur episodes of retaliation," there is no suggestion that Plaintiff is unsafe in protective custody or that his status is likely to change (*see* Doc. 9, p. 4). Therefore, the motion for a preliminary injunction will be referred to a magistrate judge for prompt consideration.

*Motion for Discovery*

Plaintiff's "Motion for Discovery" (Doc. 14) is actually a request for production directed to Sandy Funk and Terri Anderson, both of whom have been dismissed as defendants. As previously noted, it is premature to conduct discovery. Plaintiff cannot conduct discovery until after a pretrial scheduling and discovery order is entered, which will occur shortly after service of summons and the complaint is effected upon Warden Butler, the only defendant at this time. Furthermore, because Sandy Funk and Terri Anderson are not defendants, a mere request for production under Federal Rule of Civil Procedure 34(a) is insufficient. *See* FED.R.CIV.P. 34(c). Again, the scheduling and discovery order will go a long way toward sorting out how discovery should proceed.

For these reasons, Plaintiff's motion for discovery (Doc. 14) will be denied as premature.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion for recusal (Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that all claims against **SANDY FUNK** and **TERRI ANDERSON** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim against **KIM BUTLER** shall proceed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery (Doc. 14) is **DENIED as premature**.

The Clerk of Court shall prepare for Defendant **KIM BUTLER** : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including prompt consideration of the motion for preliminary injunction (Doc. 9).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** October 20, 2014

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**