IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-846-NJR-DGW |
| | ) |
| KIM BUTLER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Greg Jones previously filed a Motion for Preliminary Injunction asking the Court to order his immediate transfer out of Menard Correctional Center (Doc. 9). Magistrate Judge Wilkerson issued a Report and Recommendation recommending that Jones's motion be denied (Doc. 34). Jones filed objections to the Report and Recommendation (Doc. 41), but those objections were overruled; the Report and Recommendation was adopted, and the motion for a preliminary injunction was denied (Doc. 50). Jones has now filed a document titled "Response to Order Adopting Report and Recommendation" in which he asks the Court to alter or amend the judgment, or in the alternative, to hold a rehearing (Docs. 51, 53). In essence, Jones is asking for a third look at his request for a preliminary injunction.

According to Defendant Kim Butler, Jones's submission should be construed as a motion seeking relief under Rule 60(b) (Doc. 52). That is incorrect. Rule 60(b) "is a method of reopening a closed case." *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151,

154 (7th Cir. 1985). Accordingly, it applies only to final orders. *Id.* (explaining that the word "final" in Rule 60(b) "must modify 'order, or proceeding' as well as 'judgment'"). An order granting or denying a preliminary injunction, however, is an interlocutory order and thus cannot be reconsidered under Rule 60(b). Nevertheless, it can be reconsidered under the Court's inherent power to modify and revise interlocutory orders at any time prior to the entry of final judgment. *See Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943) ("[T]he court did not lack power at any time prior to entry of its final judgment at the close of the accounting to reconsider any portion of its decision and reopen any part of the case."); *Kapco Mfg. Co.*, 773 F.2d at 154 ("A court always ha[s] the power to modify earlier orders in a pending case."); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir.1985) ("Of course, if the order was interlocutory, [the district judge] had the power to reconsider it at any time before final judgment."); FED. R. CIV. P 54(b) (providing that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

That being said, the Court's prior rulings "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002) (citing *Rhone–Poulenc, Inc. v. Int'l Ins. Co.*, 877 F.Supp. 1170, 1173–74 (N.D. Ill. 1995)). Reconsideration of an interlocutory order is only appropriate when

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the

law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.*

Jones gives a number of reasons that the Court should reconsider its order denying his request for a preliminary injunction. First, he claims that his first attempt to file the present motion was foiled because the motion "went missing after being handed to Officer Roth." (Docs. 51, 53). Even if what Jones is saying is true, he has failed to explain how or why it warrants reconsideration of the Court's previous Order.

Jones also claims that he is "handicapped in litigation" because, not only did his first motion go missing, but the Court is garnishing all of his income, and Pontiac refuses to provide him with paper and pens, which made it extremely difficult to respond to the Report and Recommendation. The Court questions the veracity of Jones's claim given that he did, in fact, file an objection to the Report and Recommendation (Doc. 41), and he has also filed an objection or "response" to almost every other Order entered in this matter (*see* Docs. 8, 29, 36, 39, 43). But again, even if what Jones is saying is true, he has failed to explain how or why it warrants reconsideration of the Court's previous Order.

Jones also takes issue with the conclusion that injunctive relief cannot be granted against Sandy Funk because she is not a party to this action or under the control of Defendant Kim Butler (*see* Docs. 51, 53). He urges the Court to reinstate Sandy Funk as a defendant (Docs. 51, 53; *see also* Doc. 39). Sandy Funk is the transfer coordinator for the Illinois Department of Corrections. She was dismissed as a Defendant from this matter during the Court's threshold review of Jones's amended complaint (Doc. 23). In the

amended complaint, Jones alleged:

> On March 5, 2014, I was transferred to Menard where the promise of retaliation for testifying against Lt. Waller and Sgt. Daniels was made by Lt. Weste[illegible] and Lt. Knop should I ever return. With regular letters and phone calls from myself, my friends, and my family, Terri Anderson and Sandy Funk were informed of the threats and reminded. Since 2009 when the threats were made Terri Anderson and Sandy Funk, in their capacities of Office over Inmate Issues and Transfer Coordinator (TRACO) seemed to comply by barring me from Menard. Then on March 5, 2014, the tacit agreement to keep me from threats at Menard was broken and retaliation commenced immediately upon my arrival.

(Doc. 10). The Court concluded that these allegations were insufficient to state a colorable claim against Funk for deliberate indifference (Doc. 23). Jones argues that Funk should not have been dismissed because she "was made aware of the threats . . . and the potential danger on several occasions, including twice on the day of transfer, thus given the final opportunity to avert the subsequent assault and property destruction, but chose to be indifferent to the imminent danger to Jones" (Docs. 51, 53).

It is not entirely clear, but the allegations seem to suggest that Funk was not informed of the threats until *after* Jones had arrived at Menard. Additionally, Jones did not explicitly allege, or plead facts that suggested, Funk recommended or approved his transfer to Menard, and the Court will not assume as much based on Funk's job title alone. Jones's allegations are simply too skeletal to state a claim that is plausible, not merely probable. The Court will not reinstate Defendant Funk based on additional facts and assertions made in a motion for reconsideration that could have been included in the amended complaint. If Jones wishes to reinstate Funk as a Defendant, he should file a motion for leave to amend his complaint and submit a proposed amended complaint in accordance with Local Rule 15.1.

Finally, Jones asserts for at least the third time that the undersigned is biased (*see* Docs. 18, 39, 51, 53). He claims the bias is evident from the undersigned's "tarry or delay in ruling on initial application for Preliminary Injunction. . . . [and] erroneously dismissing Funk as a defendant" (Docs. 51, 53). This exact argument has already been rejected by the Court (*see* Doc. 23), and therefore it will not be addressed again. *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269–70 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments . . . .")

In conclusion, Jones's "Response to Order Adopting Report and Recommendation" is **DENIED.**

**IT IS SO ORDERED.**

DATED:   May 11, 2015

s/ Nancy J. Rosenstengel  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**
