## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-CV-846-NJR-DGW |
| | ) |
| KIM BUTLER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Motion for Judgment on the Pleadings filed by Defendant Kim Butler on December 19, 2014 (Doc. 46). Plaintiff Gregory Jones filed a timely response to Defendant Butler's Motion, as well as a supplement to his response (Docs. 48 and 49). Also before the Court are four additional documents filed by Plaintiff seeking injunctive relief (Docs. 62, 63, 64, and 66), as well as a Motion for Appointment of Counsel (Doc. 61). The Court has carefully considered the briefs submitted by the parties, and for the reasons set forth below, Defendant Butler's Motion for Judgment on the pleadings is granted, and Plaintiff's motions seeking injunctive relief and appointment of counsel are denied.

### BACKGROUND

Plaintiff Gregory Jones is an inmate in the custody of the Illinois Department of Corrections at Pontiac Correctional Center. He brought this civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on perceived

threats to his life and the failure of prison officials to ensure his safety while he was incarcerated at Menard Correctional Center (Doc. 1). The original complaint was dismissed without prejudice for failure to state a claim upon which relief could be granted (Doc. 6). Plaintiff then filed an amended complaint (Doc. 10), and following the Court's threshold review under 28 U.S.C. § 1915A, he was permitted to proceed on one count against Kim Butler, the warden at Menard Correctional Center, for failure to protect (Doc. 23).

The amended complaint alleges that Plaintiff was threatened with retaliation if he testified against two correctional officers while he was housed at Menard in 2009. He was transferred from Menard at that time but was then transferred back to Menard on March 5, 2014. According to Plaintiff, the retaliation began immediately upon his arrival at Menard when he discovered that his television was broken. Subsequently, other items, such as his Walkman, earphones, and tapes, were stolen. Plaintiff claims that he asked for protective custody, but Defendant Butler did not respond to any of his requests. One month after his arrival back at Menard, Plaintiff was slapped and kicked by correctional officers and then denied medical treatment. The officers also labeled Plaintiff a "snitch." On June 22, 2014, Plaintiff was housed among gang members who threatened his life.

In the amended complaint, Plaintiff requests only injunctive relief in the form of a transfer out of Menard and a court order preventing him from ever being placed back at Menard, as well as court costs (Doc. 10, p. 6). Aside from court costs, he is not seeking monetary damages.

At the same time that he filed his amended complaint, Plaintiff also filed a Motion for Preliminary Injunction (Doc. 9). He was still housed at Menard Correctional Center, and he wanted the Court to order his immediate transfer out of Menard. Approximately two months later, Plaintiff filed a "Motion to Compel Preliminary Injunction" (Doc. 27). The motion was dated October 16, 2014, but it was not filed until October 24, 2014. In it, he asked the Court to rule on his request for a preliminary injunction as soon as possible because he had recently been housed in protective custody with a member of the P. Stone Gang, which was exceedingly unsafe for him because he was in prison for murdering a member of that gang. On October 24, 2014, Plaintiff also notified the Court that he had been transferred to Pontiac Correctional Center, where he is housed to this day (Doc. 25).

A Report and Recommendation was issued by Magistrate Judge Donald Wilkerson as to Plaintiff's request for preliminary relief, which recommended that the request be denied because Plaintiff was transferred away from Menard and made no showing that he would be transferred back to Menard (Doc. 34). Before the District Court ruled on the Report and Recommendation, however, Defendant Butler filed the instant Motion for Judgment on the Pleadings, arguing that Plaintiff is no longer entitled to any relief requested in his amended complaint (Doc. 46). As previously mentioned, Plaintiff filed a response in opposition to the motion on January 22, 2015 (Doc. 48), and a supplement on February 5, 2015 (Doc. 49). In his supplemental response, Plaintiff attempts to inject new allegations related to his incarceration at Pontiac (Doc. 49). This document is wholly unrelated to the motion filed by Defendant Butler and is not actually

a supplement to Plaintiff's response setting forth any additional argument or case authority.

After the Motion for Judgment on the Pleadings was fully briefed, the undersigned adopted the Report and Recommendation regarding Plaintiff's two motions for preliminary injunction. The undersigned concluded that Plaintiff was not entitled to preliminary injunctive relief because he had already been transferred out of Menard to Pontiac, and he offered no evidence that he would be transferred back to Menard (Doc. 50). Months later, Plaintiff filed his motion for appointment of counsel and the four additional documents seeking injunctive relief (Docs. 61, 62, 63, 64, and 66).

DISCUSSION

## I.     Motion for Appointment of Counsel

The Court must first address Plaintiff's request for the Court to appoint him counsel. *See Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015) (explaining that district court cannot dismiss complaint without first ruling on motion to appoint counsel). Plaintiff asserts that he "needs professional help to litigate this action" (Doc. 61). He claims that self-representation "threatens to sabotage this action" because he has difficulty in interpreting case law and court rules, which "handicap[s] and exacerbate[s] his inexperience" (Doc. 61).

There is no constitutional or statutory right to court-appointed counsel in a federal civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Nevertheless, a court can ask lawyers to represent indigent litigants on a volunteer basis. 28 U.S.C. § 1915(e)(1)**.** In deciding whether to recruit counsel, a court must first inquire whether the plaintiff has made a reasonable attempt to obtain counsel or has been

effectively precluded from doing so. *Pruitt*, 503 F.3d at 654. This is a "threshold question." *Id.* at 655; *Gil v. Reed*, 381 F.3d 649, 658 (7th Cir. 2004).

Then the court must ask "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. This question requires the court to consider "both the difficulties posed by the particular case and the capabilities of the plaintiff to litigate such a case." *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (quoting *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010)); *accord Bracey*, 712 F.3d at 1016; *Pruitt*, 503 F.3d at 660. In particular, the court should look at the nature of the case, the current stage of the litigation process, and the tasks that litigants are expected to undertake. *See Bracey*, 712 F.3d at 1017; *Perez v. Fenoglio*, No. 12-3084, 2015 WL 4092294, at *12 (7th Cir. July 7, 2015). The court should also consider the physical, intellectual, psychological, or circumstantial limitations the plaintiff may have. *Tidwell v. Hicks*, No. 14-2365, 2015 WL 3937549, at *4 (7th Cir. June 26, 2015) ("[T]he plaintiff's circumstances and impediments, including the consequences of his incarceration, are among the relevant considerations."); *Pruitt*, 503 F.3d at 655 ("[T]he judge will normally take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience.").

Here, Plaintiff has not met the threshold burden of showing that he has made a reasonable attempt to obtain counsel on his own. In his previous motion for counsel, Plaintiff asserted that he contacted the ACLU, but they were too busy to help him (Doc. 4). He did not, however, submit any proof of his assertion. This time around, Plaintiff did not argue anything more or submit any documentation to demonstrate that he

attempted to recruit counsel on his own before asking the court for assistance. Therefore, Plaintiff's motion must be denied. *Russell v. Bukowski*, No. 14-3667, 2015 WL 4503130, at *2 (7th Cir. July 24, 2015); *Williams v. Davis*, No. 14-2709, 2015 WL 4480753, at *2 (7th Cir. July 23, 2015); *Witzlib v. Davis*, 600 F. App'x 1008, 1009 (7th Cir. 2015).

Nevertheless, the Court also notes that, at this point, Plaintiff seems capable of proceeding on his own. His claim is not so complex as to exceed a layperson's grasp; it is about a failure to protect Plaintiff from known enemies within the prison and from retaliation from correctional officers. *See Bracey*, 712 F.3d at 1017 ("[W]e have recognized cases involving medical expert testimony or state of mind requirements as legally complex[.]"). This case is also not at an advanced stage; in fact, it has not yet completely moved past the pleadings stage. Plaintiff has a high school education (Doc. 4), and the instant motion demonstrates he has an extensive vocabulary (Doc. 61). His other submissions, particularly his response to the Motion for Judgment on the Pleadings (Doc. 48), are well-written, contain relevant case citations, and present thought-provoking arguments. In fact, they are far better than what the undersigned sees from a vast majority of prisoners. They demonstrate that Plaintiff is a litigant with a basic understanding of the applicable law and civil procedure who is able to both research and advocate for his own interests. On the basis of the current record and in light of the nature of his claims, the Court concludes that Plaintiff is competent to proceed *pro se* and therefore declines to appoint counsel to re-brief the Motion for Judgment on the Pleadings. There is also no need to appoint counsel going forward because, as explained below, this case is being dismissed.

Page 6 of 13

## II.  Motion for Judgment on the Pleadings

### A.  Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after both the plaintiff's complaint and the defendant's answer have been filed. FED. R. CIV. P. 12(C); *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007). A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Service Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz,* 778 F.3d at 639 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In making this determination, the court must construe all facts in the pleadings and draw all reasonable inferences in favor of the non-moving party. *Lodholtz,* 778 F.3d at 639. Judgment on the pleadings should be granted if the "facts are uncontested" and reveal that relief for the plaintiff is no longer plausible. *See Richards v. Mitcheff,* 696 F.3d 635, 637–38 (7th Cir. 2012).

### B.  Analysis

Defendant Butler's Motion for Judgment on the Pleadings is based on the same premise that Plaintiff's request for a preliminary injunction was denied (*See* Docs. 34, 50). That is, Defendant Butler argues that Plaintiff's claims for injunctive relief are moot because he has been transferred from Menard and that this lawsuit accordingly fails to

state a claim for which relief is possible (Doc. 46).

In response, Plaintiff argues that because he is subject to the actions of the transfer coordinator, Sandy Funk, he can and will be transferred back to Menard at any time (Doc. 48). He also claims that Ms. Funk is aware of the threats and potential harm to him and that, by transferring Plaintiff to Menard in 2014, she is more than willing to place him back in harm's way (Doc. 48).

As an initial matter, the Court notes that Defendant Butler's argument is based on the fact that Plaintiff was transferred out of Menard to Pontiac on October 23, 2014, which is a fact that is not contained in any pleading as defined by Rule 7 of the Federal Rules of Civil Procedure. Generally, if matters "outside the pleadings are presented to and not excluded by the Court," the motion must be converted to one for a Rule 56 summary judgment and appropriate notice must be given. FED. R. CIV. P. 12(d). But courts may also consider matters subject to judicial notice without converting the motion into one for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *Ocasio v. Turner*, 19 F. Supp. 3d 841, 845 (N.D. Ind. 2014) (citing *Gen. Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080–81 (7th Cir.1997)). Courts are permitted to take judicial notice of a fact that "is not in reasonable dispute because it . . . is generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

Plaintiff's transfer to Pontiac is not subject to reasonable dispute. It was Plaintiff who notified the Court of his transfer, and his current place of incarceration is readily ascertainable from the "offender search" page contained on the Illinois Department of Correction's webpage, the accuracy of which cannot be reasonably questioned. *See*

http://www.illinois.gov/idoc/offender/pages/inmatesearch.aspx (inmate information accessed by entering Plaintiff's IDOC number K75759) (last visited August 12, 2015). Accordingly, this Court may take judicial notice of Plaintiff's current place of incarceration without converting Defendant Butler's motion for judgment on the pleadings to a motion for summary judgment.

The Court now turns to whether judgment on the pleadings is appropriate. Plaintiff first requests a transfer out of Menard. As stated in this Court's previous Order, "[i]f a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that his is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). "Allegations of a likely retransfer may not be based on mere speculation." *Higgason*, 83 F.3d at 811 (citing *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975)). Here, Plaintiff has indisputably been transferred out of Menard, and he has offered nothing more than his own speculation that he will be sent back. Furthermore, his speculative statements are unsupported by any allegation in the Amended Complaint. As a result, Plaintiff's first request for relief—a transfer from Menard—is moot and unavailable as a matter of law.

Plaintiff also requests an injunction prohibiting him from ever being transferred back to Menard. A claim for injunctive relief is unripe if it "involves uncertain or contingent events that may not occur as anticipated, or not occur at all." *Capeheart v. Terrell*, 695 F.3d 681, 684 (7th Cir. 2012) (*Wis. Right to Life State Political Action Comm. v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011)); *see also Janowski v. Int'l Bhd. of Teamsters Local No. 710 Pension Fund*, 673 F.2d 931, 940 (7th Cir. 1982), *vacated on other grounds* 463 U.S.

1222 (1983) ("We are also mindful that injunctive relief is not appropriate to prevent the possible occurrence of an event at some indefinite future time.") No one knows if Plaintiff will ever be transferred back to Menard. And even if he is, no one knows if Warden Butler or the correctional officers who retaliated against him will still be employed there. As such, Plaintiff's claim is unripe, and injunctive relief is unavailable as a matter of law.

Because relief is not available to Plaintiff on either of his claims for injunctive relief, his claim for court costs is also unavailable as a matter of law. *See* FED. R. CIV. P. 54(d) (providing that costs are available only to "the prevailing party"). Consequently, Defendant Kim Butler is entitled to judgment on the pleadings in her favor.

### III.    Plaintiff's Recent Requests for Injunctive Relief

Plaintiff has recently filed two motions and a supplement seeking injunctive relief (Docs. 62–64, 66). These filings refer to recent events at Pontiac. Specifically, Plaintiff claims that Correctional Officer Baylor retaliated against and harassed him by throwing away his hypertension medication and food during a bogus shakedown. Plaintiff further claims that he is not receiving appropriate medical care and that his grievances are being ignored. For relief, he asks the Court to order the Illinois Department of Corrections to transfer him out of state to a facility in Stillwater, Minnesota.

These claims are not related to Defendant Butler, and Plaintiff does not explain in any detail how any of these events are related to the claims made in this lawsuit. In any event, his claims for additional injunctive relief fail as a matter of law. Federal Rule of Civil Procedure 65(d)(2) provides that injunctive relief only binds the parties or their privies and any person "in active concert or participation" with such persons. Plaintiff

has made no showing that Correctional Officer Baylor, health personnel, or his counselor at Pontiac are working in concert with Defendant Butler. Finally, this Court does not have the power to order the Illinois Department of Corrections to transfer Plaintiff to an out-of-state facility located in Minnesota that is controlled by the Minnesota Department of Corrections. The Motions are accordingly denied.

CONCLUSION

For the reasons set forth above, the Motion for Judgment on the Pleadings filed by Defendant Kim Butler on December 19, 2014 (Doc. 46) is **GRANTED**. The additional motions for injunctive relief filed by Plaintiff Gregory D. Jones (Docs. 62, 63, 66) are **DENIED**. The motion for recruitment of counsel (Doc. 61) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff and to close this case on the Court's docket.

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R.APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a

motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh

Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R.

APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a

motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement

for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must

set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If

he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28

U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire

filing fee is paid. 28 U.S.C. § 1915(b)(2).

       **IT IS SO ORDERED.**

       **DATED:   August 12, 2015**

                                 **s/ Nancy J. Rosenstengel**
                                 **NANCY J. ROSENSTENGEL**
                                 **United States District Judge**